Good morning. May it please the Court, my name is Peter Wolfe. I'm going to try to reserve two minutes for rebuttal. All right, thank you. So the question here I think basically is does the Supreme Court decision in Pepper give this Court reason to seriously question the continued validity of its own decision in Jackson? And I think the answer to that clear what I think was an implication and certainly the implication that Justice Sotomayor drew from the Booker case, which is this. If you have a class of cases in which it is excluded from consideration by the sentencing court, certain factors or a whole range of factors, that is a problem because that in effect renders the guidelines back as mandatory. And that's the very problem that Booker addressed and that Pepper addressed. So in a case like we have here, the problem with Jackson is that what Jackson does is it says to a court when sentencing a defendant who has got a guideline range and who the government is seeking a downward departure and or a breaking of the statutory mandatory minimum under 3553E, what factor other than cooperation to reduce the sentence? However, after you reduce the sentence for cooperation, you could use the 3553A factors as aggravating factors to raise the sentence. And that's a problem. And the reason it's a problem is that in Pepper what you had was a case where on remand there was a statute and a guideline which says the sentencing court can't consider on resentencing after remand on appeal any factor that wasn't already in the record and relied upon by the court at the first sentencing. So in Pepper's case there was extensive evidence of post-sentencing rehabilitation. And the guideline, the statute and the law of I think it was the 8th Circuit said, well, you can't consider that. And the that's completely wrong. But why isn't it enough here that the district court considered your client's rehabilitation to the extent it made his assistance more valuable? Because that circumscribed and narrowed the applicability of the rehabilitation to the ultimate sentencing decision. Because the judge felt, and I think under her view of what Pepper allowed her to do given this court's decision in Jackson, that she couldn't really give full scope to the evidence of rehabilitation. She could only take it into account in effect as determining, well, okay, that was good. It made him a better witness if he'd actually had to testify. And he did testify actually to sentencing of two other defendants. So she gave him credit for that to that extent. But that meant that the value of his rehabilitation in terms of determining the individualized sentence that he deserved was constricted. I have a question about, you invite us to reach an issue of whether the second sentence of 18 U.S.C. section 1353E survived Booker. What part of your argument turns on that sentence? It seems to me we don't really need to reach that argument. It seems to me that it really, you're really arguing something else and that doesn't need to be reached. It may not need to be reached. What I think we're saying there is this, that implicit in Pepper and the way the court dealt with putting 3661 as the primary statute and is a suggestion, which the court didn't actually reach as a holding, that individualized sentencing has a constitutional or due process basis. So what we're saying is that if the second sentence of 3553E is read literally, what we have then is a mandatory guideline and that can't survive Booker. So we think the second sentence of 3053E has to fall just as the... But it just seems like based on the argument that you're making, you're just asking us, well, okay, just go a little further and get rid of, do that too. And it just doesn't seem that that's a necessary component. It would be advisory that it's not a necessary component as to what you're arguing. I mean, we don't tend to like to do advisory opinions. Right. I mean, we like to decide cases based on the issue that you present to us. And I'm just trying, if I'm understanding your issue, it doesn't seem to me that we need to go there. Well, if you adopt our view of the first sentence of 3053E, it really means something different than what the court said in Jackson. What it really means is that once the government files the motion, then the district court has the power to have the sentence reflect the application of all factors that are relevant under 3053A. But I think it's, in order to deal with Jackson and deal with Pepper, you pretty much have to say that the second sentence of 3053E is a nullity because that sentence says that a sentence imposed pursuant to 3053E shall be imposed in accordance with the guidelines and policy statements. And that's the very almost identical language that was the problem that was dealt with in Booker. When you have a mandatory guidelines regime, you have a serious problem and requires that the statute that deals with that be knocked out. That's what they did in Booker. And they had a similar statute that circumscribed the consideration of things on remand and Pepper. And they knocked out that statute, even though it had never been dealt with in Booker. Justice Sotomayor said, well, that didn't survive Booker, even though we didn't say it. And what we think is that the second sentence of 3053E didn't survive Booker, even though nobody has actually said that. I'm saying it. And even though the court... You're not in nobody. Loud and clear. Yeah, you're not in nobody. Even though the court, and Jackson, and this is the anomaly or the problem. Jackson is a post-Booker case in which the court said, Booker doesn't actually change the analysis that we're going to do in Jackson because Ald is still good law. And we think that that was in a footnote. And we think it wasn't well-reasoned. Maybe it wasn't reasoned at all. We think basically just plain wrong. So how does 18 U.S.C. 3582A factor into your argument? Because it seems to me that that statute is pretty clear. A sentencing court imposing a term of imprisonment may not consider that. But that statute is dealing with the notion of whether you rehabilitate a person by sending them to prison. I understand that. But nonetheless, that's exactly the language that it states. Well, I don't have the statute right in front of me. But what I think it really is saying, and this is what the court said in Tapia, is that in determining whether to send a person to prison or how long you should send them for, don't think that you're going to rehabilitate the defendant by either the fact of a prison sentence or the length of it. I think that's what that deals with. I don't think it deals with the question of whether the defendant's post-defense rehabilitation is a reason to give him or her a shorter sentence. Well, when you read that and you read it in, I mean, I look at 183553A, and I see what it has there. Consider the various factors. Then I look at 18U.S.C. 3583C, where it says a sentencing court imposing a term of supervised release may not consider retribution. And then I look at 183582A, where it says a defendant may not consider rehabilitation. And I guess I'm wondering how that factors into your argument. Well, I think the court made it clear in Tapia that it was dealing with a somewhat narrower question, which is in deciding whether to sentence a person to prison or not, or determine the length of it, has Congress spoken to the rehabilitative virtues of prison sentences? And the answer is, yeah, they have. And they said, don't consider it, because in the sentencing reform regime of 1884 and post, prison isn't rehabilitating anybody, was Congress's judgment. I think that's what the court said in Tapia. And I think the proof that... Sorry, I'm moving on a little bit. I think I've answered your question. I hope I have. But what this court did in the Taddeo case, I think, is instructive as to what ought to be done here. Because in Taddeo, you had a Rule 35 reduction, and the question was, can the sentencing court on a Rule 35 take into account things other than the cooperation? And there was a choice about that decision, and the court said, yes. Your time's basically expired, but I'll give you a minute for a rebuttal. Okay. Thank you very much. Thank you. Good morning. Good morning. May it please the court, counsel. What the defendant, Mr. Wolf, would have this court do is to have this panel abandon a long line of authority regarding substantial assistance reductions under 3553E. This line of authority was recently reaffirmed in Jackson, and the defendant's argument is based upon a Supreme Court decision that's distinguishable on the facts, not just the facts of the case, but the factual circumstances, the procedural posture, and the legal reasoning that underlied the decision to invalidate 3742G2 as part of that decision. It did not mention 3553E. It did not involve a mandatory minimum sentence where there is a strong congressional interest in establishing a sentence of imprisonment, as reflected in the statute, something the Supreme Court has recognized is the prerogative of Congress to impose. But what Congress did in the Sentencing Reform Act, creating 3553A and the following subsections, is created a mechanism, one mechanism, by which a defendant can get below a mandatory minimum sentence. And in fact, if you look at the sentencing guidelines, section 5K1, the policy statement calls substantial assistance a mitigating factor. In fact, substantial assistance technically is a 3553A factor. And what 3553E does is it says, upon motion of the government, the mandatory minimum is set aside for consideration of one 3553A factor, and only one, and that is the substantial assistance provided to the government. That's a policy question. Let me ask you this. Do we need to reach the issue of whether the second sentence of 18 U.S.C. 3553E survived Booker? It doesn't survive Booker. Is that the question? Do we need to reach that? Do we need to reach the question? I don't think the court needs to reach that question, but I certainly think Mr. Wolf's argument needs to strike the second sentence, because the only way he can get to a reinterpretation of the first sentence, which is really what allows him to get the rehab evidence before the district court, is a reinterpretation of the first sentence. In other words, the, and this is sort of, it's a two-step tango here. What he wants to do is open 3553A to consideration, or 3553E to consideration of other factors, and the way to do that is to strike out the second sentence, which provides the context for the first sentence. The second sentence says, only information about substantial assistance as set forth in the policies. Okay, but you're saying he needs to prevail on that in order for his argument to have any weight. Yes. But my question to you is, do we need to reach that issue of whether the second sentence survived Booker? Oh, I don't think so, because I don't think the court needs to reach that to affirm the conviction here, because the second sentence really is not implicated in any way by the Booker decision. Remember, and this, I read this in the Judge Sotomayor's decision in Pepper. Sometimes the Booker decision is interpreted too broadly. The Booker decision simply said that where a sentence is increased as a result of judge-made facts, as required by the mechanics of the guidelines, the guidelines violate the defendant's Fifth Amendment right to a jury trial. And the only solution among the justices was to make the guidelines advisory. That was the solution. Okay, we don't have that same kind of judge-made fact problem here with respect to 3553E. The second sentence doesn't make, in no way is mandatory. The second sentence simply directs court's attention to the policies and statements of the Sentencing Commission. So, if we did reach that, how can that sentence survive when it requires the District Court to impose a sentence in accordance with the guidelines and policy statements issued by the Sentencing Commission? But I think it's only the guidelines and policy statements that reflect on substantial assistance. In other words, it just limits the information the court can consider and the way the statute limits the information. And this is not the same as Booker because it doesn't require the court to do anything in terms of setting a sentence. It simply says that when you go to evaluate the value, when the District Court makes a determination of the value of substantial assistance, its determination should be guided by the policy statements set forth in the guidelines. Which, Justice Sotomayor, in Pepper, reinforced the view that the guidelines are valuable and worthy and should be respected by District Court judges of sentencing. Well, might the District Court here have imposed a lower sentence if it had used the mandatory minimum sentence rather than the guideline range as the starting point? Or would it have arrived at the same place? Well, there's only a three-month sentence here. And I think the absence of a reference in the record as to whether or not the guideline range of 63 to 78, I think, no, the bottom was 63, whether that was where she came out after consideration of 3553A factors or not is not clear in the record. In other words, if she had said, I consider... Didn't the defendant get a 27-month sentence? Ultimately, correct. Once the door was opened under 3553A. So you're talking this between 60 and 63? Yeah, between 60 and 63. The question is, the District Court was not clear in the record that she had, that Judge Mulway had taken into consideration any relevant 3553A factors and come up at 63. Well, if she'd have taken 60 and deducted the 32, that would have been 28, wouldn't it? And he got 27. Exactly. Where we end up, it's... I mean, how much effect is there really? She went lower than the government asked. She gave him a benefit, as counsel Mr. Wolf pointed out, and as the record makes clear, she gave him some benefit for the rehab in how that sentencing hearing. Well, I'm hearing both of you argue about the sort of application of Pepper, etc. But is there anything in this case that is worthy of publication for guidance, or is this just an application of already existing precedent, and both of you just disagree about that? Well, I would suggest if the court was going to invalidate the second sentence of 3553A on the theory advanced by Mr. Wolf, it certainly should be published, because that is a radical departure in terms of what is now allowable once a substantial assistance motion is made. And unfortunately, I think it would reduce, it would result in a dramatic reduction in such to a sense of probation for defendants subject to grand court notice. There isn't anything published on that, correct? Correct. And is there a reason that that issue just isn't coming up, or is what's your... Well, in reading... I'd just like to understand this. In reading Mr. Wolf's argument, and knowing Mr. Wolf very well, and he's a good friend of mine, we've discussed these kinds of issues. So you read each other's minds. Well, what I think, what I see the effort being made here is to create more avenues for consideration of post-sentence rehab. And I understand the policy considerations of why defense counsel want to do that. And post-Booker, we have complete discretion, well, lack of a, probably too broad a term, but we have dramatically enhanced discretion in the hands of district court judges in imposing sentences. And this is an effort to find another avenue to get this information rightfully before the court, which is now barred by long line of authority. This is a sympathetic case for that. It sure is. It is a sympathetic case. I understand that. But you know what? When I was reading the rehab efforts, and I wasn't the trial counsel here, but as I was reading the rehab efforts, the one comment in Mr. Wolf's brief that troubled me was the benefit for this rehab. And it struck me that, you know, this idea that we're always entitled to some benefit for the things we do to put our lives on the straight and narrow is misguided. I mean, sometimes the benefit is in the changes he's brought to his life. It doesn't need to, it doesn't, the law, it's not required that the law reflect that benefit in reducing his sentence. Mr. Wolf did try this case. I believe Mr. Wolf was trial counsel. I was not. It was Cushman in our office who's now going to the door. If you agree that this argument was made, I didn't quite understand what the district court's response to this argument. I'm sorry. I wasn't quite clear what the district court's response to this argument was. I think the district court followed the circuit precedent that she could not consider the post-rehab on its own basis. But she said that I consider it in terms of evaluating your credibility, and I'm therefore giving you a greater departure than the government's recommending. And the government has not taken issue with that judgment on her part. I think it was arguable. You were arguing for how much of a departure? Correct. How much did you argue for? Government, I think, asked for 50 percent. My recollection is from 60 to 30 or 31. And she took, got it down to? She gave him four extra months. Okay. All right. Your time has expired. Thank you. I think there's actually a simple answer as to why there isn't anything written on this subject, which is that unlike almost all cases that might fall in this category here, the government didn't require, the defendant pled guilty as charged. He was charged with three counts. He pled guilty to three counts. There was no plea agreement, although he was cooperating and the government was committed to doing something about that. So there was no waiver of appeal. And that's why there's been little or no opportunity for the court to write on this. So turning back to the merits, I think what the Supreme Court did in Pepper was let everyone know that the key statute for sentencing now is 3661, which says that there can't be any limitation placed on the information concerning the background, character, and conduct of a person convicted of an offense, which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Jackson severely limits the district court's ability to consider the full scope of evidence, and Judge Mulway recognized that here and acted within the scope of Jackson. But we think it's time for this court to say Jackson's analysis can't survive Pepper. Thank you. All right. Thank you both for your argument. This matter will stand submitted. The next matter on calendar is Peter Eche versus Eric Holder, 1017652.
judges: Schroeder, Callahan, Smith